1  Robert V. Prongay (SBN 270796)
    *rprongay@glancylaw.com*
2  Charles Linehan (SBN 307439)
    *clinehan@glancylaw.com*
3  Pavithra Rajesh (SBN 323055)
    *prajesh@glancylaw.com*
4  GLANCY PRONGAY & MURRAY LLP
   1925 Century Park East, Suite 2100
5  Los Angeles, California 90067
   Telephone: (310) 201-9150
6  Facsimile: (310) 201-9160

7  Attorneys for Plaintiff Martin Hall

8  [Additional Counsel on Signature Page]

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  MARTIN HALL, Individually and On        Case No.
    Behalf of All Others Similarly Situated,
13                                          **CLASS ACTION COMPLAINT**
             Plaintiff,                     **FOR VIOLATIONS OF THE**
14                                          **FEDERAL SECURITIES LAWS**
          v.
15
    STABLE ROAD ACQUISITION
16  CORP., MOMENTUS INC., SRC-NI
    HOLDINGS, LLC, BRIAN KABOT,
17  JAMES NORRIS, and MIKHAIL
    KOKORICH,
18
             Defendants.
19

20

21

22

23

24

25

26

27

28

---
CLASS ACTION COMPLAINT

Plaintiff Martin Hall ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Stable Road Acquisition Corp. ("Stable Road" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Stable Road; and (c) review of other publicly available information concerning Stable Road.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired Stable Road securities between October 7, 2020 and July 13, 2021, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Stable Road is a special purpose acquisition company ("SPAC") formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. In November 2019, Stable Road completed its initial public offering of 17.25 million units at a price of $10.00 per unit, generating gross proceeds of $172.5 million. Each unit consists of one share of Class A common stock and one-half of one public warrant. Each whole warrant is exercisable for one share of Class A common stock at an exercise price of $11.50.

3.      Momentus Inc. ("Momentus") is currently a private company. It purports to offer "in-space infrastructure services by building transfer and service vehicles that will carry satellites and hosted payloads between orbits in space using an innovative water-based propulsion system," a microwave electro-thermal ("MET") water plasma thruster.

---

CLASS ACTION COMPLAINT

1

4.     On October 7, 2020, Momentus announced that it had signed a definitive merger agreement with Stable Road, resulting in Momentus becoming a publicly traded entity. The transaction was initially valued at $1.13 billion, but was later cut to $466.6 million in June 2021 due to delays in the company's first commercial launch.

5.     On January 4, 2021, Stable Road revealed that Momentus's January 2021 launch would be "remanifest[ed] . . . to a subsequent launch opportunity in 2021" because the company needed additional time to obtain the necessary regulatory approvals.

6.     On this news, the Company's stock price fell $1.71, or 9.5%, over two consecutive trading sessions to close at $16.25 per share on January 5, 2021, on unusually heavy trading volume.

7.     On January 25, 2021, Momentus announced that Kokorich had resigned from the company. The press release also stated that Momentus, in consultation with Stable Road "determined that accepting Mr. Kokorich's resignation is in the best interest of the Company, in an effort to expedite the resolution of U.S. government national security and foreign ownership concerns surrounding the Company, the existence of which the Company has recently confirmed."

8.     On this news, the Company's stock price fell $4.75, or 19%, over three consecutive trading sessions to close at $20.10 per share on January 27, 2021.

9.     On May 24, 2021, Stable Road disclosed that Momentus "does not expect to fly any missions in 2021" because it was still securing regulatory approvals.

10.     On this news, the Company's share price fell $1.61, or approximately 14%, to close at $10.42 per share on May 24, 2021, on unusually heavy trading volume.

11.     On July 13, 2021, after market hours, the SEC announced a settlement for penalties exceeding $8 million with Stable Road; its sponsor SRC-NI; Stable

Road's Chief Executive Officer, Brian Kabot; and its merger target Momentus. The charges relate to misleading claims about Momentus's technology and about national security risks associated with Mikhail Kokorich ("Kokorich"), Momentus's founder and former CEO. According to the SEC's charges, Stable Road had repeated Momentus's misleading claims that it had "'successfully tested' its propulsion technology in space when, in fact, the company's only in-space test had failed to achieve its primary mission objectives or demonstrate the technology's commercial viability."

12. On this news, the Company's share price fell $1.20, or over 10%, to close at $10.68 per share on July 14, 2021, on unusually heavy trading volume.

13. Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Momentus had only conducted a single in-space test, which did not meet any of Momentus's pre-launch evaluation criteria, thus the company had not "successfully tested" its technology; (2) that the sole in-space test conducted by Momentus was never designed to test the commercial viability of the company's thrusters; (3) that, as a result, Momentus's progress in commercializing its technology was significantly overstated; (4) that Kokorich had been informed that the U.S. Government considered him to be a "threat" that caused his affiliation with another space technology company to be a risk to national security; (5) that, because Kokorich was considered a national security risk, Momentus would face challenges obtaining the necessary licenses and approvals for its commercial launches; (6) that, as a result, Kokorich's affiliation with Momentus jeopardized, among other things, the company's launch schedule and revenue projections which were based on assumptions about the timing of the company's first commercial launch; (7) that Stable Road had not conducted adequate due diligence, including as it relates to Momentus's testing progress and national security concerns with

Momentus's CEO; (8) that, as a result of the failure to disclose the foregoing, Stable Road was reasonably likely to face regulatory scrutiny; and (9) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

14.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## **JURISDICTION AND VENUE**

15.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

16.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

17.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are located in this District.

18.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

CLASS ACTION COMPLAINT

4

## PARTIES

19.     Plaintiff Martin Hall, as set forth in the accompanying certification, incorporated by reference herein, purchased Stable Road securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

20.     Defendant Stable Road is incorporated under the laws of Delaware with its principal executive offices located in Venice, California. Stable Road's Class A common stock trades on the NASDAQ exchange under the symbol "SRAC," its redeemable warrants trade on the NASDAQ exchange under the symbol "SRACW," and its units trade on the NASDAQ exchange under the symbol "SRACU."

21.     Defendant Brian Kabot ("Kabot") was the Company's Chief Executive Officer ("CEO") and Chairman of its Board of Directors at all relevant times.

22.     Defendant James Norris ("Norris") was the Company's Chief Financial Officer ("CFO") at all relevant times.

23.     Defendant Momentus was an acquisition target of Stable Road during the Class Period. It is a private commercial space company headquartered in Santa Clara, California.

24.     Defendant SRC-NI Holdings, LLC ("Sponsor") served as the SPAC Sponsor of Stable Road during the Class Period.

25.     Defendant Mikhail Kokorich ("Kokorich") founded and served as CEO of Momentus during the Class Period until his resignation in January 2021.

26.     Defendants Kabot, Norris, and Kokorich (collectively the "Individual Defendants"), because of their executive positions, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market.  The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and

opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

27.   Stable Road is a special purpose acquisition company, formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. In November 2019, Stable Road completed its initial public offering of 17.25 million units at a price of $10.00 per unit, generating gross proceeds of $172.5 million. Each unit consists of one share of Class A common stock and one-half of one public warrant. Each whole warrant is exercisable for one share of Class A common stock at an exercise price of $11.50.

28.   Momentus Inc. ("Momentus") is currently a private company. It purports to offer "in-space infrastructure services by building transfer and service vehicles that will carry satellites and hosted payloads between orbits in space using an innovative water-based propulsion system," a microwave electro-thermal ("MET") water plasma thruster.

29.   On October 7, 2020, Momentus announced that it had signed a definitive merger agreement with Stable Road, resulting in Momentus becoming a publicly traded entity. The transaction was initially valued at $1.13 billion, but was later cut to $466.6 million in June 2021.

CLASS ACTION COMPLAINT

6

**Materially False and Misleading**

**Statements Issued During the Class Period**

30.     The Class Period begins on October 7, 2020. On that day, Stable Road and Momentus announced their merger and conducted an investor presentation. The slides for the presentation were filed as Exhibit 99.2 to a Form 425 filed by Stable Road, which stated that Momentus "successfully tested water based propulsion technology on a demo flight launched mid-2019 – is still operational today."

31.     On November 2, 2020, Stable Road filed its registration statement on Form S-4 with the SEC related to the merger with Momentus. In multiple sections, the registration statement claimed that Momentus had "successfully tested [its] water plasma propulsion technology in space." The registration statement claimed that Stable Road's Board considered Momentus's "Valuable Intellectual Property," when approving the transaction, including that "Momentus has developed a portfolio of technologies, including its cornerstone water plasma propulsion technology, which it **successfully tested** in space in 2019."[1]

32.     The November 2020 registration statement further claimed that "Stable Road and its advisors conducted **extensive due diligence** with respect to Momentus's financial model, customer base and customer contracts, total addressable market, industry in which Momentus operates, companies comparable to Momentus and aero-defense companies with similar characteristics, **technology solutions**, intellectual property and relationship with SpaceX." Stable Road also "engaged Stellar Solutions to assist with technical due diligence, including with respect to Momentus' R&D strategy, vehicle development to date, **testing progress** and competitive market positioning."

33.     Regarding national security concerns, the November 2020 registration statement stated that "a number of stockholders of a U.S. company, including Mr.

---

[1] Unless otherwise stated, all emphasis in bold and italics is added.

2:21-cv-05943-JFW-SHK   Document 1   Filed 07/22/21   Page 9 of 29   Page ID #:9

Kokorich, divested their interests in such company pursuant to an order by CFIUS," the Committee on Foreign Investment in the United States, which has the authority to conduct national security reviews of certain foreign investments and can impose mitigation conditions to grant clearance of a transaction. It further stated that "it is possible that Mr. Kokorich's controlling interests in the Company . . . could make it more difficult to obtain CFIUS approval in connection with future potential investments by the Company in U.S. businesses." The November 2020 registration statement also stated that Kokorich is currently seeking asylum from the Russian Federation, and "[w]hile Momentus believes Mr. Kokorich's application will be granted, if for any reason it is not, he may not be able to remain in the United States, which could make it difficult for him to perform his duties as Chief Executive Officer . . . which would adversely impact us."

34.     Moreover, regarding export control licenses, the November 2020 registration statement stated, in relevant part:

> We currently do not have an export license to transfer or make accessible our controlled technology to Mr. Kokorich. As a result, Mr. Kokorich is not currently permitted to access controlled technology or hardware of the Company, which consists of certain technical information. **We have been pursuing a BIS license since early 2018 to authorize the deemed export of the Company's controlled technology to Mr. Kokorich, but we have not yet been able to obtain such a license, and there is no assurance we will ever be able to obtain such a license in the future.** If we continue to operate without such a license, Mr. Kokorich will continue to be unable to access this controlled technology for as long as he remains a non-US person. While we believe that if the current restrictions on Mr. Kokorich's access to controlled technology remain in place, we will be able to continue to operate our business without any material adverse impact on us, it is possible that these restrictions could in the future lead to complications or other issues that may have a material adverse impact on our operations.

35.     Finally, the November 2020 registration statement contained certain revenue projections:

| (S in millions) | 2020E | 2021E | 2022E | 2023E | 2024E | 2025E | 2026E | 2027E |
|---|---|---|---|---|---|---|---|---|
| Satellite Transportation Services[1] | $ 2 | $ 19 | $ 122 | $ 435 | $ 852 | $ 1,089 | $ 1,453 | $ 1,717 |
| Satellite as a Service[1] | — | — | 30 | 153 | 319 | 721 | 1,192 | 1,650 |
| In-Orbit Services[1] | — | — | — | 10 | 29 | 150 | 343 | 669 |
| Revenue[1] | $ 2 | $ 19 | $ 152 | $ 598 | $ 1,200 | $ 1,960 | $ 2,987 | $ 4,035 |
| (%) Growth | | NM | 809% | 718% | 293% | 101% | 63% | 52% | 35% |

36.    On December 14, 2020, Stable Road filed an amended registration statement on Form S-4/A which contained substantially the same statements identified in ¶¶ 31-35.

37.    The above statements identified in ¶¶ 30-36 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that Momentus had only conducted a single in-space test, which did not meet any of Momentus's pre-launch evaluation criteria, thus the company had not "successfully tested" its technology; (2) that the sole in-space test conducted by Momentus was never designed to test the commercial viability of the company's thrusters; (3) that, as a result, Momentus's progress in commercializing its technology was significantly overstated; (4) that Kokorich had been informed that the CFIUS considered him to be a "threat" that caused his affiliation with another space technology company to be a risk to national security; (5) that, because Kokorich was considered a national security risk, Momentus would face challenges obtaining the necessary licenses and approvals for its commercial launches; (6) that, as a result, Kokorich's affiliation with Momentus jeopardized, among other things, the company's launch schedule and revenue projections which were based on assumptions about the timing of the company's first commercial launch; (7) that Stable Road had not conducted adequate due diligence, including as it relates to Momentus's testing progress and national security concerns with Momentus's CEO; (8) that, as a result of the failure to disclose the foregoing, Stable Road was

reasonably likely to face regulatory scrutiny; and (9) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

38.     The truth began to emerge on January 4, 2021 when Stable Road revealed that Momentus's January 2021 launch would be delayed. In a press release as Exhibit 99.1 to a Form 8-K filed with the SEC, Stable Road announced that Momentus's January 2021 launch would be "remanifest[ed] . . . to a subsequent launch opportunity in 2021" and that "[t]his move will allow for the additional time necessary to secure FAA [Federal Aviation Administration] approval of Momentus' payloads . . . ."

39.     On this news, the Company's stock price fell $1.71, or 9.5%, over two consecutive trading sessions to close at $16.25 per share on January 5, 2021, on unusually heavy trading volume.

40.     The truth continued to emerge on January 25, 2021 when Stable Road filed a press release as Exhibit 99.1 to a Form 8-K filed with the SEC. It announced that Kokorich had resigned from the company. It further stated: "Momentus, in consultation with the Company's announced SPAC partner, Stable Road . . . , has determined that accepting Mr. Kokorich's resignation is in the best interest of the Company, in an effort to expedite the resolution of U.S. government national security and foreign ownership concerns surrounding the Company, the existence of which the Company has recently confirmed."

41.     On this news, the Company's stock price fell $4.75, or 19%, over three consecutive trading sessions to close at $20.10 per share on January 27, 2021.

42.     On March 8, 2021, Stable Road filed an amended registration statement on Form S-4/A which contained substantially the same statements identified in ¶¶ 31-32, 35.

---

CLASS ACTION COMPLAINT

43.     The above statements identified in ¶¶ 38, 40, 42 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that Momentus had only conducted a single in-space test, which did not meet any of Momentus's pre-launch evaluation criteria, thus the company had not "successfully tested" its technology; (2) that the sole in-space test conducted by Momentus was never designed to test the commercial viability of the company's thrusters; (3) that, as a result, Momentus's progress in commercializing its technology was significantly overstated; (4) that Stable Road had not conducted adequate due diligence, including as it relates to Momentus's testing progress and national security concerns with Momentus's CEO; (5) that, as a result of the failure to disclose the foregoing, Stable Road was reasonably likely to face regulatory scrutiny; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

44.     The truth continued to emerge on May 24, 2021 when Stable Road disclosed that Momentus "does not expect to fly any missions in 2021." In a Form 8-K filed with the SEC, the Company stated:

> On May 23, 2021, Momentus informed Stable Road that it does not expect to fly any missions in 2021 and that this determination was based on information from SpaceX that it was suspending its Momentus-related efforts while Momentus works to secure approvals from the U.S. government As previously disclosed, Momentus is seeking these approvals from the U.S. government that are required for its missions. Momentus is in the process of updating its financial projections and backlog.

45.     On this news, the Company's share price fell $1.61, or approximately 14%, to close at $10.42 per share on May 24, 2021, on unusually heavy trading volume.

46.     On June 29, 2021, Stable Road filed an amended registration statement with the SEC revealing that Momentus's only in-space test "did not demonstrate the

MET's ability to generate thrust in space, which is crucial to our ability to maneuver objects in space." The registration statement further stated that "even if the unit generates thrust, there can be no assurance that it can be operated in a manner that is sufficiently reliable and efficient to permit commercialization of the technology." According to the registration statement, Stable Road's Board revised the valuation for the merger with Momentus based on factors "including Momentus' revised financial projections driven by delays in closing the Business Combination and Momentus' launch schedule." The Company now estimated that Momentus was valued at $567 million, compared to a prior valuation of $1.131 billion.

47.    The June 2021 registration statement continued to represent that "Stable Road and its advisors conducted ***extensive due diligence***" including as to the company's "***technology solutions***" and that Stable Road "engaged Stellar Solutions to assist with technical due diligence, including with respect to Momentus' R&D strategy, vehicle development to date, ***testing progress*** and competitive market positioning."

48.    The above statements identified in ¶¶ 44, 46-47 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1)  that Stable Road had not conducted adequate due diligence, including as it relates to Momentus's testing progress and national security concerns with Momentus's CEO; (2) that, as a result of the failure to disclose the foregoing, Stable Road was reasonably likely to face regulatory scrutiny; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

### Disclosures at the End of the Class Period

49.    On July 13, 2021, after market hours, the SEC announced a settlement for penalties exceeding $8 million with Stable Road, its sponsor, Stable Road's

CEO, and its merger target Momentus. The charges relate to misleading claims about Momentus's technology and about national security risks associated with Kokorich, Momentus's founder and former CEO. According to the SEC's charges, Stable Road had repeated Momentus's misleading claims that it had "'successfully tested' its propulsion technology in space when, in fact, the company's only in-space test had failed to achieve its primary mission objectives or demonstrate the technology's commercial viability." Specifically, the SEC Order stated in 2019 Momentus tested its MET water plasma thruster, which had "failed to meet Momentus's own public and internal pre-launch criteria for success, and was conducted on a prototype that was not designed to generate commercially significant amounts of thrust."

50.     Moreover, "Momentus and Kokorich also misrepresented the extent to which national security concerns involving Kokorich undermined Momentus's ability to secure governmental licenses essential to its operations." Specifically, the SEC Order stated that, due to national security concerns, U.S. "government agencies had the functional authority to block Momentus's involvement in U.S. based launches, and in January 2021, Kokorich resigned his position as CEO as part of an effort to resolve the ongoing national security concerns."

51.     Stable Road was charged because it repeated the misleading statements regarding Momentus in its public filings and failed its due diligence obligations. Specifically, the SEC stated that Stable Road "never reviewed the results of Momentus's in-space test or received sufficient documents relevant to assessing the national security risks posed by Kokorich." Additionally, Defendant Kabot "participated in Stable Road's inadequate due diligence and in filing its inaccurate registration statements and proxy solicitations."

52.     The SEC order instituting cease-and-desist proceedings summarized the following findings underlying the settlement, in relevant part:

4. Momentus and Kokorich misled SRAC's investors, including the PIPE investors, in two key respects. First, Momentus and SRAC both claimed that in 2019, Momentus had "successfully tested" in space its key technology, a microwave electro-thermal ("MET") water plasma thruster, that Momentus claimed was designed to move a satellite into custom orbit after launch. ***In fact, that 2019 test failed to meet Momentus's own public and internal pre-launch criteria for success, and was conducted on a prototype that was not designed to generate commercially significant amounts of thrust.***

5. Second, Kokorich and Momentus concealed and made false statements about U.S. government concerns with national security and foreign ownership risks posed by Kokorich, including concerns related to his affiliation with Momentus. Based on those concerns, U.S. government agencies had the functional authority to block Momentus's involvement in U.S. based launches, and in January 2021, Kokorich resigned his position as CEO as part of an effort to resolve the ongoing national security concerns. Up to at least that point, Momentus and SRAC had disclosed that Momentus could face CFIUS restrictions in future transactions as a result of Kokorich's status as a "foreign person," but investors lacked material information about the extent to which ***Kokorich's affiliation with Momentus jeopardized, among other things, the company's launch schedule and the revenue projections that were based in part on assumptions about the timing of its first commercial launch.***

6. SRAC's due diligence failures compounded Momentus's and Kokorich's misrepresentations and omissions and resulted in the dissemination of materially false and misleading information to investors. ***SRAC's due diligence of Momentus was conducted in a compressed timeframe and unreasonably failed both to probe the basis of Momentus's claims that its technology had been "successfully tested" in space and to follow up on red flags concerning national security and foreign ownership risks.*** As a result, SRAC's public filings, including registration statements signed by Kabot, incorporated Momentus's and Kokorich's false and misleading claims and caused investors to be misled about material aspects of Momentus's business.

53.     In connection with the settlement, "Momentus, Stable Road, and Kabot will pay civil penalties of $7 million, $1 million, and $40,000, respectively," and were ordered to cease and desist from future violations of the federal securities laws. Moreover, Momentus and Stable Road would provide "PIPE (private investment in public equity) investors with the right to terminate their subscription agreements prior to the shareholder vote to approve the merger," and Stable Road's sponsor, SRC-NI, would "forfeit 250,000 founders' shares it would otherwise have received upon consummation of the business combination."

54.     On this news, the Company's share price fell $1.20, or over 10%, to close at $10.68 per share on July 14, 2021, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

55.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Stable Road securities between October 7, 2020 and July 13, 2021, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

56.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Stable Road's shares actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Millions of Stable Road shares were traded publicly during the Class Period on the NASDAQ. Record owners and other members of the Class may be identified from records maintained by Stable Road or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

57.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

58.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

59. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Stable Road; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

60. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

61. The market for Stable Road's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, Stable Road's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Stable Road's securities relying upon the integrity of the market price of the Company's securities and market information relating to Stable Road, and have been damaged thereby.

62. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Stable Road's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or

1  misleading.  The statements and omissions were materially false and/or misleading
2  because they failed to disclose material adverse information and/or misrepresented
3  the truth about Stable Road's business, operations, and prospects as alleged herein.

4        63.   At all relevant times, the material misrepresentations and omissions
5  particularized in this Complaint directly or proximately caused or were a substantial
6  contributing cause of the damages sustained by Plaintiff and other members of the
7  Class.  As described herein, during the Class Period, Defendants made or caused to
8  be made a series of materially false and/or misleading statements about Stable
9  Road's financial well-being and prospects.  These material misstatements and/or
10  omissions had the cause and effect of creating in the market an unrealistically
11  positive assessment of the Company and its financial well-being and prospects, thus
12  causing the Company's securities to be overvalued and artificially inflated at all
13  relevant times.  Defendants' materially false and/or misleading statements during
14  the Class Period resulted in Plaintiff and other members of the Class purchasing the
15  Company's securities at artificially inflated prices, thus causing the damages
16  complained of herein when the truth was revealed.

17  **LOSS CAUSATION**

18        64.   Defendants' wrongful conduct, as alleged herein, directly and
19  proximately caused the economic loss suffered by Plaintiff and the Class.

20        65.   During the Class Period, Plaintiff and the Class purchased Stable
21  Road's securities at artificially inflated prices and were damaged thereby.  The price
22  of the Company's securities significantly declined when the misrepresentations
23  made to the market, and/or the information alleged herein to have been concealed
24  from the market, and/or the effects thereof, were revealed, causing investors' losses.

25  **SCIENTER ALLEGATIONS**

26        66.   As alleged herein, Defendants acted with scienter since Defendants
27  knew that the public documents and statements issued or disseminated in the name
28  of the Company were materially false and/or misleading; knew that such statements

1  or documents would be issued or disseminated to the investing public; and

2  knowingly and substantially participated or acquiesced in the issuance or

3  dissemination of such statements or documents as primary violations of the federal

4  securities laws.  As set forth elsewhere herein in detail, the Individual Defendants,

5  by virtue of their receipt of information reflecting the true facts regarding Stable

6  Road, their control over, and/or receipt and/or modification of Stable Road's

7  allegedly materially misleading misstatements and/or their associations with the

8  Company which made them privy to confidential proprietary information

9  concerning Stable Road, participated in the fraudulent scheme alleged herein.

10               **APPLICABILITY OF PRESUMPTION OF RELIANCE**

11                **(FRAUD-ON-THE-MARKET DOCTRINE)**

12      67.    The market for Stable Road's securities was open, well-developed and

13  efficient at all relevant times.  As a result of the materially false and/or misleading

14  statements and/or failures to disclose, Stable Road's securities traded at artificially

15  inflated prices during the Class Period.  On February 9, 2021, the Company's share

16  price closed at a Class Period high of $27.42 per share.  Paintiff and other members

17  of the Class purchased or otherwise acquired the Company's securities relying upon

18  the integrity of the market price of Stable Road's securities and market information

19  relating to Stable Road, and have been damaged thereby.

20      68.    During the Class Period, the artificial inflation of Stable Road's shares

21  was caused by the material misrepresentations and/or omissions particularized in

22  this Complaint causing the damages sustained by Plaintiff and other members of the

23  Class.  As described herein, during the Class Period, Defendants made or caused to

24  be made a series of materially false and/or misleading statements about Stable

25  Road's business, prospects, and operations.  These material misstatements and/or

26  omissions created an unrealistically positive assessment of Stable Road and its

27  business, operations, and prospects, thus causing the price of the Company's

28  securities to be artificially inflated at all relevant times, and when disclosed,

CLASS ACTION COMPLAINT

18

negatively affected the value of the Company shares.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

69.     At all relevant times, the market for Stable Road's securities was an efficient market for the following reasons, among others:

(a)     Stable Road shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Stable Road filed periodic public reports with the SEC and/or the NASDAQ;

(c)     Stable Road regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Stable Road was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.   Each of these reports was publicly available and entered the public marketplace.

70.     As a result of the foregoing, the market for Stable Road's securities promptly digested current information regarding Stable Road from all publicly available sources and reflected such information in Stable Road's share price. Under these circumstances, all purchasers of Stable Road's securities during the Class Period suffered similar injury through their purchase of Stable Road's securities at artificially inflated prices and a presumption of reliance applies.

71.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United*

---

CLASS ACTION COMPLAINT

19

*States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions. Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

72. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Stable Road who knew that the statement was false when made.

**FIRST CLAIM**

**Violation of Section 10(b) of The Exchange Act and**

**Rule 10b-5 Promulgated Thereunder**

**Against All Defendants**

73.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

74.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Stable Road's securities at artificially inflated prices.   In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

75.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Stable Road's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

76.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Stable Road's financial well-being and prospects, as specified herein.

77.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts,

practices, and a course of conduct as alleged herein in an effort to assure investors of Stable Road's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Stable Road and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

78.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

79.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of

concealing Stable Road's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

80.    As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Stable Road's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Stable Road's securities during the Class Period at artificially high prices and were damaged thereby.

81.    At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Stable Road was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Stable Road securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

---

CLASS ACTION COMPLAINT

23

82.    By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

83.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

**SECOND CLAIM**

**Violation of Section 20(a) of The Exchange Act**

**Against the Individual Defendants**

84.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

85.    Individual Defendants acted as controlling persons of Stable Road within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

86.    In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the

power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

87.     As set forth above, Stable Road and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

---

CLASS ACTION COMPLAINT

DATED:  July 22, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:  _s/ Robert V. Prongay_

Robert V. Prongay
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  info@glancylaw.com

**THE LAW OFFICES OF FRANK R. CRUZ**

Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

_Attorneys for Plaintiff Martin Hall_

DocuSign Envelope ID: 1AE47FAF-501A-4612-A8C8-A4930981C509

## SWORN CERTIFICATION OF PLAINTIFF

### STABLE ROAD ACQUISITION CORP. SECURITIES LITIGATION

I, Martin Hall, certify that:

1. I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf.

2. I did not purchase the Stable Road Acquisition Corp. securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in Stable Road Acquisition Corp. securities during the Class Period set forth in the Complaint are as follows:

   (See attached transactions)

5. I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.


I declare under penalty of perjury that the foregoing are true and correct statements.


7/15/2021                                          *Martin Hall*
_____          _____
        Date                                          Martin Hall

**Martin Hall's Transactions in Stable Road Acquisition Corp. (SRAC)**

| Date | Transaction Type | Quantity | Unit Price |
|------|------------------|----------|------------|
| 12/21/2020 | Bought | 2,500 | $16.6180 |
| 1/14/2021 | Sold | -1,500 | $22.0851 |
| 2/11/2021 | Bought | 1,000 | $26.2500 |
| 4/7/2021 | Sold | -2,000 | $12.6516 |
| 4/15/2021 | Bought | 2,000 | $10.8000 |
| 6/1/2021 | Sold | -1,000 | $10.8201 |